[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Terry W. Hendricks, has moved for summary judgment on the ground that the claims of the plaintiff are resjudicata by virtue of the outcome of a prior action.
In support of his motion, the defendant has provided the court with the copy of the complaint of the plaintiff in the earlier action, Hopkins v. Hendricks, et al, DN 91445294S (J.D. Hartford-New Britain at New Britain). Inspection of the complaint confirms that the action filed by the plaintiff in the judicial district of Hartford at New Britain in fact states the same claims as are before this court.
There is, however, a dispute as to whether the prior action was resolved on its merits or whether it was dismissed in a disciplinary nonsuit for failure of plaintiff to appear at a hearing in damages.
Under the current state of the law, if the action was dismissed for failure to attend a scheduled trial or hearing, it may be pursued in a subsequent lawsuit because of the application of General Statutes § 52-592. That statute provides for commencement of a new action within one year after an action has failed because of procedural problems to be tried on its merits. In Gionfrido v. Wharf Realty, Inc., 193 Conn. 28, 34 n. 6 (1984), the Connecticut Supreme Court stated that General Statutes § 52-592
applies to cases that have been dismissed for failure to appear for trial. The Supreme Court confirmed this ruling in Lacasse v.Burns, 241 Conn. 464, 471 (1990).
The defendant asserts that the New Britain case was not dismissed for failure of the plaintiff to prosecute it but that the court conducted a hearing in damages and rendered judgment on the merits for the defendant. The certified text of the court's various orders in that case does not support the claim that the case was tried on the merits. Though the judgment file has been CT Page 11537 given the title "Judgment After Hearing in Damages to the Court," the facts recited indicate that the plaintiff claimed the case to the trial list for a hearing in damages in July 1992, that on November 4, 1992 the case was marked "over final" to the next hearing in damages list, and that on January 5, 1993 only the defendant appeared in court and that the court, Langenbach, J. "entered a judgment of dismissal after hearing in damages."
Since the document describing the proceedings in the New Britain case reports that only the defendant was present at the hearing in damages, it appears that Judge Langenbach entered a judgment of dismissal pursuant to Practice Book § 251 for failure to prosecute the action with reasonable diligence. If the defendant had prevailed on the issue of damages, the ruling would have been simply a judgment in favor of the defendant, not a judgment ofdismissal of the plaintiff's claim.
The movant has made much of the failure of the plaintiff to secure a transcript of the proceedings at the hearing in damages calendar on January 5, 1993. Since, however, it is the defendant who seeks to establish that a judgment on the merits, and not simply a disciplinary dismissal, was entered, it is up to the defendant to establish that a dismissal on the merits actually occurred in the face of a judgment file that suggests instead a dismissal pursuant to Practice Book § 251.
The plaintiff has alleged the applicability of General Statutes § 52-592 and the defendant has not established that this case is not subject to the operation of that statute. Accordingly, the motion for summary judgment is denied.
Beverly J. Hodgson Judge of the Superior Court